IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TYEASHA BELL LINDSEY, et al.**                                                           **PLAINTIFFS**

v.                                                   CIVIL ACTION NO. 3:22-cv-00275-HTW-LGI

**MERIDIAN BEVCO, LLC, et al.**                                                          **DEFENDANTS**

## ORDER

Before the Court are *Defendants' Motion for Relief Pursuant to FRCP 37(b)(2)(A)* [102] and *Motion for Continuance of Trial Due to Other Federal Trial Calendar Conflicts* [105]. On April 14, 2023, the undersigned held a telephonic status conference on the pending motions. *See* Minute Entry and Text-only Order, dated April 14, 2023. The Court, having considered the arguments of counsel, written submissions, the record and relevant law finds that *Defendants' Motion for Relief Pursuant to FRCP 37(b)(2)(A)* [102] is DENIED in part and rendered MOOT in part, and the *Motion for Continuance of Trial Due to Other Federal Trial Calendar Conflicts* [105] is DENIED without prejudice, as discussed below.

I.   *Motion for Relief* [102]

Defendants move this Court for relief, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), arguing that Plaintiffs have failed to comply with the Court's previous orders regarding discovery. Specifically, Defendants argue that Plaintiffs have not complied with the Court's Orders to produce their overdue discovery responses and provide deposition dates. On January 18, 2023, the undersigned held a status conference with the parties regarding discovery issues. *See* Minute Entry, dated January 18, 2023. During the conference, "the Court discussed pending motions for extensions and . . . ordered [Plaintiff] to respond to written discovery requests by Wednesday, January 25, 2023." *Id*. On January 19, 2023, the Court extended the deadlines in

1

this case, including the discovery deadline. *See* Text-only Order, dated January 19, 2023. A review of the docket reveals that Plaintiffs served their responses to Interrogatories and Request for Production on or about February 6, 2023. *See* Notices of Service, Doc. Nos. [106] – [119]. The docket also shows that both parties filed Notices to Take Depositions. *See* Doc. Nos. [122] – [139]; [141] – [144]; and [146].

During the April 14, 2023 status conference, Defendants advised the Court that Plaintiffs failed to meet the Court's deadline of January 25, 2023 for serving responses to Defendants' written discovery requests, having instead served said responses and provided dates for Plaintiffs' depositions on February 6, 2023—after the filing of the instant Motion. The Court finds that, as it relates to service of Plaintiff's discovery responses and providing dates for Plaintiffs' depositions, the discovery dispute has been resolved and is therefore rendered MOOT. However, the issue of sanctions remains.

Defendants assert they are entitled to relief under Rule 37(b)(2)(A), because Plaintiffs' responses were received after the deadline set forth by the Court. Plaintiffs oppose the imposition of sanctions. Rule 37(b)(2)(A) vests a Court with the authority to impose sanctions if a party fails to obey a discovery order. Such relief includes:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37. Here, the Court ordered the Plaintiffs to serve their discovery response by January 25, 2023, but the responses were not served until February 7, 2023 – thirteen days after

the deadline. While the undersigned recognizes that the Plaintiffs failed to timely comply with the Court's order to respond to Defendants' discovery requests by January 25, 2023, the Court notes that the Plaintiffs ultimately complied with the order *before* this Court took any further action. The Court does not find it necessary to impose any of the allowable sanctions at this juncture. However, the undersigned strongly admonishes the Plaintiffs to timely comply with all remaining deadlines set forth in this case. The Defendants' Motion for Relief Pursuant to FRCP 37(b)(2)(A) [102] is hereby DENIED. The discovery dispute is deemed resolved and is therefore rendered MOOT.

II.   *Motion for Continuance of Trial* [105]

Counsel for Defendants Meridian Bevco, LLC, Andy Weiner, Matthew Jeffery, Elisha Jeffery, and Gregg Borman, Sr. filed the instant motion seeking to continue the trial setting in this matter. Counsel notes that the trial in this matter was reset to September 5, 2023, which resulted in a scheduling conflict, as counsel for Defendants has two separate trials scheduled before Judge Henry T. Wingate and Judge Daniel P. Jordan. Doc. No. [105] at 2. Counsel is "concerned that they will not be able to reasonably prepare for two or more trials held during the same two week trial calendar." *Id*. Based on the foregoing, Defendants seek to continue the trial in this matter. During the status conference, counsel for the movant advised that the trial before Judge Wingate has been rescheduled since the time that the instant motion to continue was filed.[1]

"The decision to grant a continuance is within the trial court's discretion." *Pass v. Gov't Emps. Ins. Co.*, No. 3:13-CV-00016-SA-SAA, 2014 WL 5510969, at *1 (N.D. Miss. Oct. 31, 2014).   A review of the court docket in the instant case and of Judge Jordan's docket in *Karen Pittman v. J.H.O.C., Inc d/b/a Premier Transportation*; Case No. 3:21-cv-00819-DPJ-FKB reveals that both matters are in fact set for trial on September 5, 2023. The Court declines to continue the

---

[1] The trial in *Barbara Evans v. Hinds Community College*, Case No.: 3:22-cv-00374-HTW-LGI has been reset from September 5, 2023 to November 6, 2023.

3

trial at this time, as the Court has been made aware by defense counsel that a settlement conference has been set for May 23, 2023 in the *Pittman* case. For this reason, the Court declines to continue the trial at this time, but will monitor both dockets as the cases progress. The Court finds that the motion to continue trial [105] should be DENIED without prejudice and may be reconsidered if both cases remain on trial calendars for September 5, 2023.

    IT IS, THEREFORE, ORDERED that *Defendants' Motion for Relief Pursuant to FRCP 37(b)(2)(A)* [102] is DENIED in part and rendered MOOT in part, and the *Motion for Continuance of Trial Due to Other Federal Trial Calendar Conflicts* [105] is DENIED without prejudice.

    **SO ORDERED**, this the 2nd day of May, 2023.

                                                      /s/ LaKeysha Greer Isaac  
                                                 UNITED STATES MAGISTRATE JUDGE