IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TYEASHA BELL LINDSEY, et al.**                                                                 **PLAINTIFFS**

**v.**                                                       **CIVIL ACTION NO. 3:22-cv-00275-HTW-LGI**

**MERIDIAN BEVCO, LLC, et al.**                                                      **DEFENDANTS**

## ORDER

Before the Court is the *Motion to Strike Plaintiffs' Discovery Responses Submitted After Discovery Deadline* [162], filed collectively by all Defendants. Plaintiffs filed a Response in Opposition [163], and Defendants filed a Reply [169] in support of their initial motion to strike. The Court, having considered the submissions, the record and relevant law, finds that Defendants' Motion to Strike [162] is GRANTED, as discussed below.

Defendants move to strike Plaintiffs' supplemental discovery responses, arguing that the supplemental responses were: 1) served several days after the discovery deadline, 2) produced only nine days before the dispositive motions deadline, and 3) included new allegations. Doc. [162] at 2-3. Defendants contend that the supplemental responses are significantly lengthier than the original responses, contain new information and allegations, and list potential witnesses for whom Defendants had no opportunity to depose or to conduct additional discovery. *Id*. at 3, ¶ 7-8. Defendants request that this Court strike the supplemental responses.[1] *Id*.

Plaintiffs oppose Defendants' request that the supplemental information be stricken. *See* Response in Opposition [163]. Plaintiffs respond to each paragraph of the motion to strike,

---

[1] Defendants also request that this Court strike the identification of witnesses and bar these individuals from offering testimony here. Doc. [162] at ¶8. This Court declines to reach the issue of whether the late identified witnesses will be allowed to testify at the trial of the matter. Defendants have filed companion *Motions in Limine* [187 and 188] regarding this issue, which will be taken up by the District Judge in due course.

admitting and denying Defendants' allegations in turn. Plaintiffs agree that the governing discovery deadline was April 4, 2023, but contend that the parties entered into several informal agreements to extend the Court's discovery deadline.[2] Doc. [163] at 2, ¶ 1. Plaintiffs also claim that the Defendants "did not have any issues with the supplemental responses tendered by the Plaintiffs other than identifying a few of the individuals disclosed in the responses." Doc. [163] at 4. Notably, Plaintiffs do not justify failing to timely provide the new information introduced in their supplemental discovery responses. Instead, they agree with "Defendants' alternative request for 'leave to conduct discovery/take depositions related to the information and witnesses included in the Supplemental Responses for the first time.'" *Id*. at 5, ¶ 11.

A review of the course of discovery here is illuminating. Several months ago, this Court conducted a telephonic conference with the parties, in which the undersigned discussed pending motions for extensions including, *inter alia*, Plaintiff's Motion for Extension of Time to Complete Discovery [100]. The Court also heard from Defendants regarding Plaintiffs' failure to timely respond to pending written discovery requests. *See* Notice of Hearing and Minute Entry, dated 1/18/2023. Following the conference, the Court ordered "Plaintiff . . . to respond to written discovery requests by Wednesday, January 25, 2023." *Id*.; *see also* Text-only Order, dated January 19, 2023.

Following a Motion to Extend Deadlines [145] filed by Defendants, this Court extended the discovery deadline to April 4, 2023. *See* Text-only Order, dated March 17, 2023. Although not reflected on the docket, Plaintiff served supplemental discovery responses on April 12, 2023. *See* Defendants' Motion to Strike, Doc. [162] at 2.  On April 13, 2023, the Court conducted a

---

[2] Defendants acknowledge that the parties informally agreed to extend the discovery period to April 7, 2023. *See* Defendants' Reply, Doc. [169] at 1. The Court notes that it was not consulted before this agreement being made, nor was it notified of the existence of said agreement.

telephonic conference with the parties regarding two pending discovery motions[3] and the upcoming settlement conference. *See* Minute Entry, dated April 14, 2023. On April 26, 2023, the parties appeared for an in-person settlement conference, during which the Court conducted settlement negotiations and discussed the discovery issues during an informal conference with counsel for the parties. *See* Minute Entry, dated April 26, 2023. Plaintiffs note that, during this conference, Plaintiffs mentioned to the undersigned the possibility of reopening the discovery window. *See* Plaintiff's Response in Opposition, Doc. [163].  In any event, the undersigned notes that Plaintiffs never moved to reopen discovery or extend deadlines following the informal conference.

On May 2, 2023, the Court ruled on Defendants' Motion for Relief [102], wherein Defendants had argued that they were entitled to sanctions after the Plaintiffs had disregarded the Court's previous orders to produce their overdue discovery responses and to provide deposition dates. *See* Order, Doc. [160].[4] The undersigned incorporates by reference the Court's previous Order [160], noting that the Court laid out a full timeline of the discovery disputes and discussed Plaintiffs' failures to comply with the discovery deadlines set by this Court. The undersigned also "strongly admonishe[d] the Plaintiffs to timely comply with all remaining deadlines set forth in this case." *Id*. at 3.

This Court has been lenient with the Plaintiffs. The Court has allowed several extensions of time to comply with Defendants' requests for discovery responses and depositions. The Court also notes that the Plaintiffs have disadvantaged the Defendants by providing new information,

---

[3] The undersigned heard arguments from the parties regarding [102] *Defendants' Motion for Relief Pursuant to FRCP 37(b)(2)(A)* and [105] *Motion for Continuance of Trial Due to Other Federal Trial Calendar Conflicts*.
[4] The Court's Order [160] denied in part and rendered moot in part [102] *Defendants' Motion for Relief Pursuant to FRCP 37(b)(2)(A)* and denied without prejudice [105] *Motion for Continuance of Trial Due to Other Federal Trial Calendar Conflicts*.

3

allegations and potential witnesses after the discovery deadlines and so close to the motion deadlines. Such late production does not allow sufficient time for the Defendants to conduct proper investigation and discovery or to take desired depositions. Based on Plaintiffs' previous failures to comply with this Court's deadlines and Plaintiffs' failure to seek leave of this Court to serve discovery responses after the expiration of the discovery deadline, the Court is compelled to GRANT Defendants' Motion to Strike [162]. To the extent that the supplemental responses include any additional information or allegations, the responses are stricken.

    IT IS THEREFORE ORDERED that the *Motion to Strike Plaintiffs' Discovery Responses Submitted After Discovery Deadline* [162] is hereby GRANTED.

    **SO ORDERED**, this the 8th day of August, 2023.

    /s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE